**********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence or receive further evidence. Accordingly, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Rideout with modifications and enters the following Opinion and Award.
 **********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. The date of the alleged injury is May 16, 2000.
2. On such date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such date, the Employer-Employee relationship existed between Plaintiff and Defendant.
4. On such date, Defendant employed three or more employees.
5. Defendant is insured by Gallagher Bassett Services.
6. Plaintiff's average weekly wage is $200.00.
7. Defendants have paid $133.34 weekly in temporary total disability from December 11, 2001 through October 3, 2006.
8. The parties entered into the record as Stipulated Exhibit 1, the pre-trial agreement. Following the evidentiary hearing, the parties entered into the record as Stipulated Exhibit 2, Industrial Commission Forms, medical records, and vocational rehabilitation records.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was injured on May 16, 2000 while performing inventory services for defendant-employer when he slipped from a ladder, sustaining injuries to his right shoulder and elbow, for which he underwent surgery in December 2001 and January 2003.
2. Defendants accepted liability for the injuries and began the payment of temporary total disability compensation to Plaintiff on December 11, 2001 pursuant to a Form 60 filed on December 17, 2001. *Page 3 
3. Defendants sent Plaintiff a Form 90 covering the period of December 11, 2001 to June 12, 2003, which plaintiff completed on June 25, 2003. The completed Form 90 stated that Plaintiff had earned $14,115.95 in self-employment between December 11, 2001 and May 31, 2003. Defendants then filed a Form 24 dated July 28, 2003 requesting permission to terminate temporary total disability compensation on the grounds that Plaintiff was not disabled, citing the Form 90 self-employment earnings as evidence supporting that argument. Following a telephonic hearing held on August 12, 2003 Special Deputy Commissioner Lacy Maddox disapproved the Form 24 application by order filed on August 19, 2003.
4. On November 21, 2003 Dr. Kevin Speer assigned a 15% permanent partial disability rating to Plaintiff's right shoulder and released Plaintiff from treatment with permanent restrictions of no lifting, carrying, pushing or pulling greater than five pounds, and no overhead activity.
5. In March 2004 Defendants assigned a vocational rehabilitation professional to Plaintiff's case, and Plaintiff thereafter participated in job search activities until May 2006, which efforts were not successful.
6. On October 3, 2006 Defendants filed a Form 28T and terminated Plaintiff's compensation effective that date. On the Form 28T Defendants asserted that Plaintiff returned to work in 2000 earning the same or greater wages than received at the time of injury. Defendants also alleged that Plaintiff informed counsel for defendants that he was doing accounting for the County in a self employed capacity and has several other business ventures.
7. Prior to his injury Plaintiff earned income from a vending machine business, and following the injury Plaintiff has earned income through Sir Walter Shooting Services, an organization of which he is a member, and which contracts with Wake County to provide services at the Wake County shooting range. *Page 4 
8. Mr. Michael Stickney, a rehabilitation counselor, reviewed Plaintiff's testimony from the evidentiary hearing. Mr. Stickney opined that Plaintiff's jobs duties were essentially the same as that of a firing range manager, which is a job readily available in the marketplace. Mr. Stickney also testified that Plaintiff's position as a part-time shooting range manager demonstrated Plaintiff's wage earning capacity.
9. The Full Commission finds as a fact that the greater weight of the evidence does not support this conclusion and that Plaintiff's earnings through Sir Walter Shooting Services do not represent the capacity to earn wages in competitive employment.
10. The Full Commission finds that the services Plaintiff provided with Sir Walter Shooting Services are unique and are anything but readily available in the competitive job market. The undersigned finds, as a fact, that the work with Sir Walter Shooting Services is erratically scheduled and the number of firing range manager positions available on the competitive market is diminutive.
11. Plaintiff is capable of performing some type of employment, but has made reasonable efforts to find employment and was not successful.
12. Plaintiff has been incapable of earning wages in competitive employment from December 11, 2001 until the present.
13. Defendants improperly terminated compensation by way of a Form 28T on October 3, 2006 as plaintiff had not returned to work for any employer as of that date.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment to his right arm and shoulder on May 16, 2000. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury Plaintiff has been totally incapable of earning wages in any capacity from December 11, 2001 to the present. Russell v. Lowes Product Distribution,108 N.C. App. 762, 765, 425 S.E.2d 454, 457; N.C. Gen. Stat. § 97-29.
3. Defendants improperly terminated compensation by way of a Form 28T on October 3, 2006. N.C. Gen. Stat. § 97-18.1(b). As such, Plaintiff is entitled to his weekly compensation for temporary total disability at a weekly rate of $133.34 reinstated as of October 3, 2006 and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to a ten percent (10%) penalty, for all past due payments since October 3, 2006 through the present. N.C. Gen. Stat. § 97-18(g).
5. In the discretion of the Full Commission, Plaintiff's counsel is entitled to a reasonable attorney's fee for the defense of this claim before the Full Commission. N.C. Gen. Stat. § 97-88.
 ********** *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall immediately reinstate payment to plaintiff of weekly compensation for temporary total disability at a weekly rate of $133.34 commencing October 3, 2006 and continuing until further order of the Commission. Such compensation having accrued *Page 6 
shall be paid in a lump sum, plus a ten percent (10%) penalty, subject to the attorney's fee set out below.
2. An attorney's fee of 25% of the accrued compensation is hereby approved, and shall be deducted from the compensation payable to Plaintiff and paid directly to plaintiff's counsel. Defendants shall thereafter make payment to Plaintiff's attorney in the amount of 25% of all compensation payable to plaintiff.
3. Defendants shall pay to Plaintiff's counsel a reasonable attorney's fee for the defense of this claim before the Full Commission as part of the costs of this action. The amount of the attorney's fees shall be determined by further Order of the Commission and shall not be deducted from the amount due Plaintiff.
4. Plaintiff's counsel is hereby ordered to file within 15 days from receipt of this Opinion and Award an affidavit of hours spent prosecuting plaintiff's claim on appeal before the Full Commission.
5. Defendant shall pay the costs.
This the 29th day of December 2009.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 7 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1